IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DERRICK ROBERTS                                                    PLAINTIFF

       v.                    Civil No. 6:13-cv-06134

DR. GREGORY McKINNEY;
TIM VALOON, Health Services
Administrator, Ouachita River Unit,
Arkansas Department of Correction;
and DEPUTY DIRECTOR WENDY
KELLY                                                              DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this civil action pursuant to the provisions of 42 U.S.C. § 1983 and the

Americans with Disabilities Act (ADA). Plaintiff proceeds *pro se* and *in forma pauperis.* Pursuant

to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Robert T. Dawson, United

States District Judge, referred this case to the undersigned for the purpose of making a report and

recommendation.

Plaintiff is incarcerated in the Ouachita River Unit (ORU) of the Arkansas Department of

Correction (ADC). He maintains his rights are being violated by the refusal to allow him to have

a power wheelchair and the provision of inadequate assistance to perform basic functions such as

showering.

Separate Defendant Wendy Kelly[1] has filed a Motion to Dismiss (ECF No. 15). Plaintiff has

not responded to the Motion. The Motion is now ready for decision.

---

[1] Wendy Kelly is now the Director of the ADC.

### 1.  Background

According to the allegations of the Complaint, the Plaintiff has muscular dystrophy and scoliosis of the spine.  Prior to his incarceration, Plaintiff used a power wheelchair for mobility. Since he has been incarcerated at the ORU, he has only had the use of a manual wheelchair.  He alleges the five other inmates with muscular dystrophy have been allowed the use of power wheelchairs.

Plaintiff indicates he cannot move his legs and has very little movement of his hands.  He alleges that his condition has been deteriorating and it has become harder to get around.

To use the manual wheelchair, Plaintiff states he must rock back and forth to get it to move. Plaintiff alleges the rocking back and forth causes him pain and is not good for his spine.  He asserts that he has been trying to get the use of a power wheelchair approved by Dr. McKinney and Mr. Pratt for two years.[2]  Without the frequent assistance of other inmates, Plaintiff states he would not be able to get around.

Plaintiff states he needs assistance to get into and out of bed, to go to the bathroom, wipe his own buttocks, or shower.  For a period of time, Plaintiff was given access to a whirlpool tub three times a week with the assistance of a certified nursing assistant (CNA).  He no longer has access to the whirlpool and only gets about one shower a week and on one occasion went for two weeks without a shower.

He alleges each Defendant has exhibited deliberate indifference to his serious medical needs, has denied him the Equal Protection of the laws, and has violated the ADA.  As relief, Plaintiff seeks

---

[2]Mr. Pratt is not a named Defendant.

declaratory and injunctive relief.  He also seeks nominal and punitive damages, court costs, and attorney's fees.

## 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

## 3.  Discussion

Defendant contends she is entitled to the dismissal of the § 1983 claim on the following grounds: Plaintiff did not exhaust his administrative remedies; sovereign immunity precludes the official capacity claim for damages; and no individual capacity claim has been stated against her. Defendant maintains she is entitled to dismissal of the ADA claim on the following grounds: Plaintiff did not exhaust his administrative remedies; Title II of the ADA only applies to public

entities; and Plaintiff can prove no set of facts demonstrating that he was denied access to any program or activity of the ADC because of his disability; and the decision of whether or not Plaintiff needs a power wheelchair for mobility purposes is a medical decision which does not state a claim under the ADA.

### (A). Exhaustion of Administrative Remedies

Defendant maintains that the Plaintiff failed to specifically name her in the grievances and appeals as required by the ADC's grievance procedure. Defendant is, of course, correct that exhaustion is mandatory and that it is the ADC's grievance procedure that governs the level of detail necessary in a grievance to comply with the grievance procedure. 42 U.S.C. § 1997e(a)(mandates exhaustion of available administrative remedies before an inmate files suit); *Jones v. Bock,* 549 U.S. 199, 218 (2007)("level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to clam, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion,"); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)(exhaustion is mandatory).

Here, the Court cannot determine whether the ADC grievance procedures were properly exhausted or not. The Court has not been provided with a copy of the grievance procedures.

### (B). Section 1983 Official Capacity Claims

I agree that Defendant is entitled to the dismissal of the official capacity claim for damages. "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Thus, Plaintiff's official capacity claim against Defendant is a claim against the ADC. *Id.* The ADC is a state agency. *See Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919 (2002). The ADC is entitled to sovereign

immunity.  *See e.g. Campbell v. Arkansas Department of Correction*, 155 F.3d 950, 962 (8th Cir. 1998).

Under the exception set forth in *Ex Parte Young*, 209 U.S. 123 (1908), "state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment."  *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007).  "In determining whether this exception applies, a court conducts a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  *281 Care Committee v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011)(internal quotation marks and citation omitted).  Plaintiff seeks, among other things, prospective injunctive relief.  "The only question is whether [the Plaintiff has] alleged that defendant [Kelly] is, herself, engaged in an ongoing violation of federal law."  *Id.*  For the reasons discussed below, we find she is not herself engaged in denying the Plaintiff medical care or the Equal Protection of the law.  She is entitled to dismissal of the official capacity claim for injunctive relief on the § 1983 claims.

**(C).  Section 1983 Denial of Medical Care Claim**

"Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished."  *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989).  "Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's ban against cruel and unusual punishments."  *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009)(*citing Farmer v. Brennan*, 511 U.S. 825, 828 (1994)).  To prevail on an Eighth Amendment claim, Plaintiff must prove that Defendant act with deliberate indifference to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)).

I agree that Defendant is entitled to dismissal of the individual capacity claim. Defendant's sole connection with this case is the fact that she responded to Plaintiff's grievance appeal.  She exercised no independent medical judgment and was not personally involved in making any medical decisions.  *See e.g., Ripson v. Alles*, 21 F.3d 805, 808-09 (8th Cir. 1994)(§ 1983 liability requires personal or direct involvement in the alleged constitutional violation). Furthermore, "denial of [Plaintiff's] grievances does not state a substantive constitutional claim." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**(D).  Section 1983 Equal Protection Claim**

The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  An equal protection claim is stated when a fundamental right has been infringed or a state actor intentionally discriminates against the plaintiff because of membership in a protected class. *See e.g., Purisch v. Tennessee Technological University*, 76 F.3d 1414, 1424 (6th Cir. 1996).

Again, Defendant's only connection with this claim is she denied his grievance appeal.  There is nothing to suggest she did so with the intent to discriminate against the Plaintiff.

**(E).  ADA Official Capacity Claim**

"Title II [of the ADA] provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010)(internal quotation marks and citation omitted); 42 U.S.C. § 12132.  A qualified individual is a person who "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  42 U.S.C. § 12131(2).

The ADA applies to correctional facilities.  *See Pennsylvania Department of Corrections v. Yeskey*, 524 US. 206 (1998)(Applying Title II of the ADA to prisons--recreational activities, medical services, and educational and vocational programs at state prisons are benefits within the meaning of the ADA). *Cf. Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012)(meals and showers made available to inmates are programs or activities under the Rehabilitation Act).  "[D]eliberate refusal of prison officials to accommodate [an inmate's] disability related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs" may constitute a violation of Title II." *United States v. Georgia*, 546 U.S. 151, 157 (2006).  Reasonable accommodations must give a disabled prisoner meaningful access to the prison program in question.  *Alexander v. Choate*, 469 U.S. 287, 301 (1985).

To state a claim under Title II, a Plaintiff must allege that (1) he is qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability.  *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998).

-7-

"[A] plaintiff can . . . request prospective injunctive relief for ADA violations from state officials in their official capacities." *South Dakota Farm Bureau, Inc. v. Hazeltine*, 340 F.3d 583, 590 (8th Cir. 2003). This is true where the named official has authority over the prison "and an injunction against her would have effect no matter where in the [prison system] Plaintiff is incarcerated." *Randolph v. Rodgers*, 253 F.3d 342, 346 (8th Cir. 2001).

Defendant contends she is entitled to dismissal of this claim for two reasons: First, she argues Plaintiff does not allege that the lack of access to a power wheelchair resulted in him being denied the benefits of any program or activity offered at the ADC. She points out that a power wheelchair would not aid his participation in showering; Second, relying on *Dinkins v. Correctional Medical Services*, 743 F.3d 634 (8th Cir, 2014), she maintains that claims based on medical treatment decisions cannot form the basis of a claim under the ADA.

I reject Defendant's argument that Plaintiff has not sufficiently alleged a denial of the benefits of any program or activity offered at the ADC. Plaintiff has alleged his mobility is extremely impaired by the lack of a power wheelchair and that he has to rely on other inmates. Because of his disease and impaired mobility, Plaintiff alleges he is unable to move around the unit or perform the daily activities of living which include such things as showers and meals.

However, I agree that whether a power wheelchair is necessary due to the Plaintiff's disability involves a medical assessment and the exercise of medical judgment. *Dinkins*, 742 F.3d at 634 (medical treatment decisions, including not properly diagnosing and treating a condition, cannot form the basis of a claim under the ADA)(*citing Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005)); *see also Shelton v. Arkansas Dept. of Human Services*, 677 F.3d 837, 843 (8th Cir. 2012)(decision to remove patient from suicide watch was a medical treatment decision and could not be brought

-8-

under the ADA absent any allegation that removal was influenced by anything other than physician's judgment)).

### (F).  ADA Individual Capacity Claim

Defendant correctly asserts that she cannot be sued in her individual capacity under the ADA. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999).

### 4.  Conclusion

For the reasons stated, I recommend that the Motion to Dismiss (ECF No. 15) be **GRANTED** and **All Claims Against Wendy Kelly be DISMISSED.**

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of February 2015.

/s/ Barry A. Bryant
 HON. BARRY A. BRYANT
 UNITED STATES MAGISTRATE JUDGE