UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


DERRICK ROBERTS                                                              PLAINTIFF

v.                                    Civil No.6:13-CV-06134

DR. GREGORY                                                                  DEFENDANTS
MCKINNEY and TIM
VALOON


### ORDER

Currently before the Court are Plaintiff's failure to obey a Court order (Doc. 32) and failure to prosecute. Also before the Court is Defendants' motion to dismiss for failure to prosecute. (Doc. 35). Plaintiff has not filed a response to either the Court's order or the Defendants' motion.

**I.     BACKGROUND**

Plaintiff filed his pro se complaint on November 5, 2013 in the Eastern District of Arkansas. (Doc. 2). It was properly transferred to this District on November 14, 2013. (Doc. 3).

On January 13, 2016, the Court entered an initial scheduling order setting a summary judgment hearing for May 11, 2016 and directing Defendants to file dispositive motions by March 27, 2016. (Doc. 30). On March 11, 2016, Defendants filed a motion for extension of time to file dispositive motions. In this motion they also requested the Court reschedule the May 11, 2016, hearing and confirm Plaintiff's intention to prosecute this case. (Doc. 31). The Court entered an order granting Defendants' motion on March 15, 2016. In that order, the Court noted Plaintiff has not communicated with the Court since filing his complaint on November 5, 2013. (Doc. 32).

The Court directed Plaintiff to indicate if he would like to proceed with this case or voluntarily dismiss it without prejudice.  Plaintiff was directed to file his response with the Court by March 29, 2016, or face dismissal of his case.  (Doc. 32).  The order was mailed to Plaintiff at the Arkansas Department of Correction ("ADC") Ouachita River Unit.  The order was not returned as undeliverable.  Plaintiff did not respond.

On April 14, 2016, Defendants filed their motion to dismiss for failure to prosecute.  (Doc. 35).  Defendants request that the Court sua sponte[1] dismiss Plaintiff's claim.  That motion will be granted.

## II. LEGAL STANDARD

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss sua sponte under Rule 41(b)).  Pursuant to Rule

---

[1] Because Defendants have filed a motion, dismissal pursuant to their motion would not be sua sponte.

41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

**III.    DISCUSSION**

Plaintiff failed to comply with a Court order directing him to inform the Court if he wished to prosecute this case or dismiss it without prejudice. As Plaintiff's mail was not returned, it is presumed that he received notice of the Court's order. His failure to file a response to either the Court's order or Defendants' motion must also be presumed to be intentional. Plaintiff failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's complaint could be dismissed with prejudice. The complaint *will* be dismissed. However, the dismissal will be without prejudice—as that is the outcome requested by Defendants and warned of by the Court—for failure to comply with the Federal Rules of Civil Procedure and Local Rules, failure to comply with the Court's Order, and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 32) is GRANTED and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 1st day of June, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE